1  Todd Espinosa (SBN 209591)
   Law Office of Todd Espinosa
2  2000 Broadway Street, Suite 333
   Redwood City, California 94063
3  650-241-3873 telephone
   650-409-2550 facsimile
4  tie@toddespinosalaw.com
   *Attorney for Plaintiffs LaVonna Castellano*
5  *and Project Sentinel, Inc.*

6

7
                    UNITED STATES DISTRICT COURT
8
               FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10

11 | LAVONNA CASTELLANO; and          | Case No. 1:15-CV-000407---MJS
   | PROJECT SENTINEL, INC.,          |
12 |                                  | **FIRST AMENDED COMPLAINT**
   |         Plaintiffs,              |
13 |                                  | JURY TRIAL DEMANDED
   | v.                               |
14 |                                  |
   | ACCESS PREMIER REALTY, INC. d/b/a|
15 | Access Property Management; DANIEL|
   | AKULOW; DOLORES VALENZUELA; and  |
16 | ELVIA J. ADDISON, Individually and as|
   | Trustee, Disclaimer Trust, Addison Revocable|
17 | Trust dated June 24, 1999,       |
   |                                  |
18 |         Defendants.              |

19

20

21

22

23

24

CASTELLANO, et al. v. ACCESS PREMIER REALTY, INC., et al., 1:15-CV-000407---MJS
FIRST AMENDED COMPLAINT

Plaintiffs LaVonna Castellano and Project Sentinel, Inc. (referred to collectively herein as "Plaintiffs") allege as follows:

## I. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This action arises under the laws of the United States, namely 42 U.S.C. §§ 3604, 3617 and 3613.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.  Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this District.

3.      Based on the allegations set forth herein, the Court has personal jurisdiction over all Defendants in this action.  On information and belief, all Defendants in this case were domiciled in California at the time that this action was commenced.

## II. PARTIES

### A.    Plaintiffs

4.      Plaintiff LaVonna Castellano (referred to herein as "Plaintiff Castellano") is an individual who rented an apartment at a senior citizen apartment complex located at 1405 Eucalyptus Avenue in Newman, California (referred to herein as the "Eucalyptus Avenue apartment complex") from September 1, 2012 to May 1, 2013.

5.      Plaintiff Project Sentinel, Inc. (referred to herein as "Plaintiff Project Sentinel") is a California non-profit corporation.  Plaintiff Project Sentinel was founded in 1971 to assist individuals with housing problems, including housing discrimination.   In 1998, Plaintiff Project Sentinel was approved by the U.S. Department of Housing and Urban Development (commonly known as "HUD") as a Housing Counseling Agency.  Plaintiff Project Sentinel is the largest

CASTELLANO, et al. v. ACCESS PREMIER REALTY, INC., et al., 1:15-CV-000407---MJS
FIRST AMENDED COMPLAINT                                                          Page 1

such organization in Northern California and has offices in Fremont, Redwood City, Santa Clara, Gilroy and Modesto and operates throughout Stanislaus County. Plaintiff Project Sentinel's organizational mission includes the promotion of equal opportunity in rental housing and the elimination of all forms of unlawful housing discrimination.

**B.    Defendants**

6.    Defendant Access Premier Realty, Inc. (referred to herein as "Defendant APM") is a California corporation. Defendant APM is a property management company that does business under the name "Access Property Management." Defendant APM was the property management company for the Eucalyptus Avenue apartment complex during Plaintiff Castellano's tenancy at that complex and at all times relevant herein. Defendant APM is licensed by the California Bureau of Real Estate. Defendant APM's principal office is located in Modesto, California.

7.    Defendant Daniel Akulow (referred to herein as "Defendant Akulow") is an individual. Defendant Akulow is a principal of Defendant APM. Defendant Akulow is a realtor and a broker licensed by the California Bureau of Real Estate. On information and belief and based on facts alleged herein, Defendant Akulow acted on Defendant APM's behalf during Plaintiff Castellano's tenancy at the Eucalyptus Avenue apartment complex and at all times relevant herein. On information and belief and based on facts alleged herein, Defendant Akulow directed the management of the Eucalyptus Avenue apartment complex including the conduct that is the basis for Plaintiffs' claims asserted herein.

8.    Defendant Dolores Valenzuela (referred to herein as "Defendant Valenzuela") is an individual. Beginning in January 2013 and at all times relevant herein, Defendant Valenzuela

1  was the on-site manager for the Eucalyptus Avenue apartment complex.  Defendant Elvia J.

2  Addison paid Defendant Valenzuela for Defendant Valenzuela's work as on-site manager.

3        9.     Defendant Elvia J. Addison (referred to herein as "Defendant Addison") is an

4  individual.  During Plaintiff Castellano's tenancy at the Eucalyptus Avenue apartment complex

5  and at all times relevant herein, Defendant Addison owned the Eucalyptus Avenue apartment

6  complex as trustee of the Disclaimer Trust, Addison Revocable Trust dated June 24, 1999.  On

7  information and belief and based on a review of recorded documents, Defendant Addison resided

8  in Santa Barbara County, California during Plaintiff Castellano's tenancy at the Eucalyptus

9  Avenue apartment complex and at all times relevant herein.

10        10.    During Plaintiff Castellano's tenancy at the Eucalyptus Avenue apartment

11  complex and at all times relevant herein, Defendants APM, Akulow and Valenzuela acted as

12  agents of Defendant Addison and/or acted on behalf of Defendant Addison.

13        11.    Defendants APM, Akulow, Valenzuela and Addison are referred to collectively

14  herein as "Defendants."

15                  **III.  FACTUAL ALLEGATIONS**

16      **A.**     **The Eucalyptus Avenue Apartment Complex and Plaintiff Castellano's
17             Tenancy at the Complex**

18        12.    During Plaintiff Castellano's tenancy at the Eucalyptus Avenue apartment

19  complex and at all times relevant herein, the Eucalyptus Avenue apartment complex was a senior

20  citizen apartment complex located at 1405 Eucalyptus Avenue in Newman, California in

  Stanislaus County, California.

21

22        13.    During Plaintiff Castellano's tenancy at the Eucalyptus Avenue apartment

23  complex and at all times relevant herein, the Eucalyptus Avenue apartment complex was located

24  on a quiet residential street.

14.     During Plaintiff Castellano's tenancy at the Eucalyptus Avenue apartment complex and at all times relevant herein, the Eucalyptus Avenue apartment complex contained approximately thirty apartments and was occupied by at least four families.

15.     On or around September 1, 2012, Plaintiff Castellano began to lease apartment number 23 at the Eucalyptus Avenue apartment complex.

16.     Plaintiff Castellano leased her apartment at the Eucalyptus Avenue apartment complex with a federal Section 8 housing choice voucher administered by the Housing Authority of the County of Stanislaus.  That housing choice voucher provided a subsidy that covered most of Plaintiff Castellano's monthly rent of $495.00.  Without that housing choice voucher, Plaintiff Castellano would not have been able to afford to rent an apartment.

**B.     Plaintiff Castellano's Handicap**

17.     Plaintiff Castellano was over sixty years-old at the time that she began to lease her apartment at the Eucalyptus Avenue apartment complex.

18.     During the time that she resided in her apartment at the Eucalyptus Avenue apartment complex and at all times relevant herein, Plaintiff had numerous and serious mental and physical impairments including: chronic obstructive pulmonary disease, asthma, shortness of breath, hypertension, left ventricular hypertrophy, venous stasis, recurrent cellulitis, hyperlipidemia, low back and knee pain, lower extremity weakness, anxiety disorder, psychotic disorder, depression, gastroesophageal reflux disease and hepatitis C.

19.     During the time that she resided in her apartment at the Eucalyptus Avenue apartment complex and at all times relevant herein, Plaintiff Castellano's mental and physical impairments substantially limited one or more of her major life activities, including breathing, walking, performing manual tasks and working.

20. During the time that she resided in her apartment at the Eucalyptus Avenue apartment complex and at all times relevant herein, Plaintiff Castellano was largely homebound and dependent on oxygen therapy administered via oxygen tanks and an oxygen concentrator machine.

21. During the time that she resided in her apartment at the Eucalyptus Avenue apartment complex and at all times relevant herein, Plaintiff Castellano regularly used a cane and an electric wheelchair. Plaintiff Castellano had a friend install a wooden ramp outside of the front door to her apartment at the Eucalyptus Avenue apartment complex in order to allow Plaintiff Castellano to enter and exit her apartment more easily with her electric wheelchair.

22. During the time that she resided in her apartment at the Eucalyptus Avenue apartment complex and at all times relevant herein, Plaintiff Castellano's use of a cane and an electric wheelchair and reliance on oxygen therapy were readily apparent and obvious.

23. During the time that she resided in her apartment at the Eucalyptus Avenue apartment complex and at all times relevant herein, Plaintiff Castellano was unable to work and had extremely limited financial means. Federal disability benefits were Plaintiff Castellano's only source of income.

24. Plaintiff Castellano has received federal disability benefits for more than fifteen years. Prior to becoming disabled, initially due to mental illness, Plaintiff Castellano worked as an accountant.

**C.   Defendants' Refusal to Provide Reasonable Accommodation of Plaintiff Castellano's Handicaps**

25. At the time that she moved into the Eucalyptus Avenue apartment complex, Plaintiff Castellano kept a two year-old tabby cat, named "Mr. Munchkin," as an emotional

1  support animal.  Plaintiff Castellano had kept Mr. Munchkin from the time that he was a kitten.

2  Mr. Munchkin was neutered, vaccinated, housebroken and well-behaved.

3       26.     During the time that she resided in her apartment at the Eucalyptus Avenue

4  apartment complex and at all times relevant herein, keeping and caring for Mr. Munchkin and

5  the emotional support and companionship that Mr. Munchkin provided significantly improved

6  Plaintiff Castellano's well-being, alleviated symptoms of her impairments and reduced the

7  isolation that Plaintiff Castellano experienced as a result of her impairments and the limitations

8  those impairments caused.

9       27.     In particular, Plaintiff Castellano is and was susceptible to stress and anxiety

10  because of her impairments.  Stress and anxiety exacerbated the symptoms of Plaintiff

11  Castellano's pulmonary impairments, including asthma, which, in turn, exacerbated the

12  symptoms of her cardiovascular impairments.  Keeping and caring for her emotional support

13  animal significantly alleviated Plaintiff Castellano's levels of stress and anxiety.

14       28.     When Plaintiff Castellano first moved into the Eucalyptus Avenue apartment

15  complex in or around September 2012, she received permission to keep Mr. Munchkin from the

16  on-site manager for the complex at that time, whose name was "David."  Plaintiff Castellano

17  does not know David's last name.

18       29.     Many of Plaintiff Castellano's neighbors at the Eucalyptus Avenue apartment

19  complex also kept animals in their apartments, including birds, dogs and at least one other cat.

20       30.     Plaintiff Castellano resided in her apartment at the Eucalyptus Avenue apartment

21  complex with Mr. Munchkin without incident from around September 2012 until January 2013,

22  when Defendant Valenzuela replaced David as on-site manager at the complex.

23

24

31.     In or around late January 2013, and after Defendant Valenzuela took her position as on-site manager, Plaintiff Castellano received a January 29, 2013 letter from Defendant APM. That January 29, 2013 letter acknowledged the companionship and support that animals provide, but directed Plaintiff Castellano to remove her cat from her apartment.  The letter stated, in part:

> It has come to our attention that pets have over time been brought into the apartment units.  Although pets may provide companionship to an individual, they are nevertheless not permitted at 1405 Eucalyptus, Newman.  Additionally, pets of any type are not a protected class under California law.
>
> If you have a pet at our Eucalyptus apartment, please make arrangements to immediately remove your pet from the apartment.  Failure to do so will cause you to be in breach of your rental agreement and subject to termination of your tenancy.

32.     **Exhibit A** to this complaint is a copy of that January 29, 2013 letter from Defendant APM.  The copy is a genuine copy.

33.     In response to the January 29, 2013 letter, Plaintiff Castellano sent a letter to Defendants in or around early February 2013, in which Plaintiff Castellano requested that she be allowed to keep Mr. Munchkin in her apartment as a reasonable accommodation of her handicaps.  Plaintiff Castellano's letter stated, in part:

> I am a senior citizen receiving disability with mental illness and physical handicaps.  I live alone and am homebound due to my physical disabilities.  I truly need my cat for emotional and mental support — without him there is no happiness in my life.  He is sweet tempered and causes no damage.  He is neutered, vaccinated, and housebroken.  I would be willing to keep him strictly indoors, and pay a pet deposit if that would help.  Due to my extenuating circumstance, I appeal to you to allow me to keep my animal.

34.     **Exhibit B** to this complaint is a copy of that February 2013 letter from Plaintiff Castellano.  The copy is a genuine copy.

35.     Later in February 2013, Plaintiff Castellano contacted the Stanislaus County Department of Aging & Veterans Services for assistance in obtaining reasonable accommodation

of her handicaps from Defendants that would allow Plaintiff Castellano to remain in her

apartment with Mr. Munchkin.  Jill Erickson, a manager with the Department of Aging &

Veterans Services, prepared a February 20, 2013 letter requesting that Defendants waive their

policy against pets as a reasonable accommodation of Plaintiff Castellano's handicaps, which

was provided to Defendants.  The letter further emphasized that Defendants had legal obligations

to provide reasonable accommodation of Plaintiff Castellano's handicaps and that Defendants'

threats of eviction were causing Plaintiff Castellano great stress and emotional turmoil.

36.  **Exhibit C** to this complaint is a copy of that February 20, 2013 letter from the

Stanislaus County Department of Aging & Veterans Services.  The copy is a genuine copy.

37.  On Friday, March 1, 2013, Plaintiff Castellano received a letter dated February

25, 2013 from Defendant Akulow.  That letter stated, in part:

> We have received the letter from Jill Erickson at the Stanislaus County
> Department of Aging & Veterans Services regarding your need for an emotional
> support animal due to your overall mental health.

> If you are seeking accommodation for a[n] emotional support animal, you must
> provide documentation that you have a disability and there is a disability-related
> need for an emotional support animal from your attending physician or
> psychiatrist no later than 3/1/13 to prevent lease violation eviction.

38.  **Exhibit D** to this complaint is a copy of that February 25, 2013 letter from

Defendant Akulow.  The copy is a genuine copy.

39.  On Monday, March 4, 2013, Defendant Valenzuela served Plaintiff Castellano a

"Notice to Perform Covenant (Cure) or Quit" that directed Plaintiff Castellano "to remove any

and all cats that [were] inside [her] rental unit."

40.  **Exhibit E** to this complaint is a copy of that March 4, 2013 notice.  The copy is a

genuine copy.

1    41.    On or around March 15, 2013, Defendant Valenzuela provided Plaintiff

2  Castellano with two versions of a "Notice of Termination of Tenancy," both of which stated that

3  Plaintiff Castellano's tenancy at the Eucalyptus Avenue apartment complex was to be terminated

4  effective April 15, 2013.  The second of those notices further stated: "Cause for action is breach

5  of tenet [sic] lease agreement regarding failure to adhere to property pet police [sic]."  On

6  information and belief and based on writing included in the second notice, the second notice was

7  also provided to the Housing Authority of the County of Stanislaus.

8    42.    **Exhibit F** to this complaint consists of copies of those March 15, 2013 notices.

9  The copies are genuine copies.

10    43.    By taking steps to terminate Plaintiff Castellano's tenancy at the Eucalyptus

11  Avenue apartment complex, Defendants refused to allow Plaintiff Castellano to remain in her

12  apartment with Mr. Munchkin as a reasonable accommodation of her handicaps.

13    44.    On or around March 19, 2013, Plaintiff Castellano contacted Plaintiff Project

14  Sentinel for assistance in obtaining reasonable accommodation of her handicaps in order to allow

15  her to stay in her home with her emotional support animal.  Plaintiff Project Sentinel assisted

16  Plaintiff Castellano.

17    45.    On or around March 20, 2013, a representative of Plaintiff Project Sentinel, Nick

18  Horning, met with Defendant Valenzuela, attempted to explain Defendants' legal obligations to

19  provide reasonable accommodation of handicaps and provided written materials describing those

20  obligations.  At that meeting, Defendant Valenzuela stated that she had no authority to act and

21  that Plaintiff Project Sentinel would need to contact Defendant APM.  Defendant Valenzuela

22  further stated that she would pass along those written materials to Defendant APM.

23

24

46.     On March 22, 2013, Plaintiff Project Sentinel faxed and mailed a letter to Defendant APM on Plaintiff Castellano's behalf, among other things, requesting that Defendant APM rescind the April 15, 2013 termination of Plaintiff Castellano's tenancy and allow Plaintiff Castellano to remain in her apartment in the Eucalyptus Avenue apartment complex with her emotional support animal as reasonable accommodation of Plaintiff Castellano's handicaps. That March 22, 2013 letter was accompanied by two letters from the Newman Medical Clinic, where Plaintiff Castellano received medical care at that time.  One of the letters from the Newman Medical Clinic stated, in part, that Plaintiff Castellano was under the care of Philip Kalman, M.D. and that Plaintiff Castellano would benefit from having "a companion animal in her home due to her medical conditions."  The other letter from the Newman Medical Clinic listed Plaintiff Castellano's diagnoses.

47.     **Exhibit G** to this complaint consists of copies of that March 22, 2013 letter from Plaintiff Project Sentinel and the two accompanying letters from the Newman Medical Clinic, with date of birth information redacted.  The copies are genuine copies with date of birth information redacted.

48.     On April 2, 2013, Defendant Akulow faxed a letter to Plaintiff Project Sentinel, in which Defendants expressly refused to make reasonable accommodation of Plaintiff Castellano's handicaps to allow her to remain in her apartment in the Eucalyptus Avenue apartment complex with her emotional support animal.  In that letter, Defendant Akulow stated, in part:

> [T]enant Castellano's request for a Doctor Prescribed Emotional Support Animal as a reasonable accommodation is denied because tenant Castellano does not show a disability related need for the accommodation as required and defined by the Act.

49.     **Exhibit H** to this complaint is a copy of that April 2, 2013 letter from Defendant Akulow.  The copy is a genuine copy.

50.     On or around April 10, 2013, Plaintiffs submitted to Defendant Akulow a further letter from the Newman Medical Clinic dated April 8, 2013, which detailed Plaintiff Castellano's mental and physical handicaps and her need to keep an emotional support animal in her home because of her handicaps.

51.     **Exhibit I** to this complaint is a copy of that letter from the Newman Medical Clinic dated April 8, 2013.  The copy is a genuine copy.

52.     On April 12, 2013, Defendant Akulow faxed a written note to Plaintiff Project Sentinel that was erroneously dated April 4, 2013.  In that written note, Defendant Akulow persisted in Defendants' refusal to make reasonable accommodation of Plaintiff Castellano's handicaps and rejected the April 8, 2013 letter from the Newman Medical Clinic as insufficient to support Plaintiffs' request for reasonable accommodation.

53.     **Exhibit J** to this complaint is a copy of that faxed written note from Defendant Akulow.  The copy is a genuine copy.

54.     Faced with the prospect of the termination of her tenancy and eviction from her home, Plaintiff Castellano moved out of the Eucalyptus Avenue apartment complex on or around May 1, 2013.  Plaintiffs informed Defendants that Plaintiff Castellano would move out on that date in order to avoid Defendants taking further adverse action against Plaintiff Castellano.

55.     The filing of an unlawful detainer action against Plaintiff Castellano could have led to the termination of Plaintiff Castellano's Section 8 housing choice voucher.  Because of her extremely limited financial means, Plaintiff Castellano relied heavily on that voucher and the rental subsidy that it provided in order to cover her housing expenses.

56.     After being forced from her home in Newman, California, Plaintiff Castellano's mental and physical impairments have persisted or worsened.

57.     In taking the actions alleged herein, Defendants acted with reckless or callous indifference to Plaintiffs' rights under the Fair Housing Act.

**D.     Plaintiffs Have Been Injured as a Result of Defendants' Conduct**

      **i.      Plaintiff Castellano's Injuries**

58.     Defendants' conduct alleged herein has injured Plaintiff Castellano.

59.     During the events alleged herein, Plaintiff Castellano was over sixty years-old and suffering from numerous, grave and disabling mental and physical impairments.

60.     Defendants' conduct caused Plaintiff Castellano worry, fear, mental and emotional pain and distress and other personal injury.

61.     Defendants forced Plaintiff Castellano to leave her home at the Eucalyptus Avenue apartment complex under threat of eviction.

62.     After being forced to leave her home at the Eucalyptus Avenue apartment complex, Plaintiff Castellano received in-patient respite care for approximately six weeks at a residential convalescent facility.

63.     After receiving respite care, Plaintiff Castellano was unable to find other rental housing in Newman, California, the city in which she had lived for approximately twenty years. Instead, Plaintiff Castellano was only able to find a rental apartment in Patterson, California, which is more than thirteen miles away from her former home in Newman, California.  Plaintiff Castellano moved into that Patterson, California apartment in or around June 2013.

64.     Because of her extremely limited financial means, Plaintiff Castellano does not have an automobile or other reliable means of traveling to Newman, California from her apartment complex in Patterson, California.  Plaintiff Castellano has been unable maintain contacts with long-time friends and acquaintances in Newman, California.

65.     After relocating to Patterson, California, Plaintiff Castellano has also been unable to continue to receive treatment from her health care providers in Newman, California.  When she lived in Newman, California, Plaintiff Castellano was able to call on her friends and acquaintances to help her to travel to her frequent medical visits and appointments, which often needed to be done on an urgent basis.

66.     The disruption in Plaintiff Castellano's health care, especially care from her respiratory specialist, since Plaintiff Castellano was forced from her home in Newman, California, has caused Plaintiff Castellano's impairments to worsen and her health significantly to deteriorate.  Plaintiff Castellano has been unable to establish care with a respiratory specialist in Patterson, California.

67.     Unlike the Eucalyptus Avenue apartment complex, which is located on a quiet residential street, the apartment complex in Patterson, California apartment complex where Plaintiff Castellano now resides is located directly on California State Highway 33.

68.     In June 2014, Mr. Munchkin, who was not accustomed to high speed traffic, was struck by a car on the highway and severely injured.  He managed to crawl back to Plaintiff Castellano's apartment complex, where Plaintiff Castellano found him in the complex's parking lot the next morning.  Because of the extent of the animal's painful injuries and Plaintiff Castellano's own impairments and her limited financial means, Plaintiff Castellano was unable to care for Mr. Munchkin.  A veterinarian euthanized Mr. Munchkin.

69.     Additionally, Defendants' conduct forced Plaintiff Castellano to incur moving and storage expenses, as well as kennel expenses for the boarding of Mr. Munchkin before Plaintiff Castellano was able to relocate to her apartment in Patterson, California and veterinary care for

1   Mr. Munchkin.  Plaintiff Castellano had to borrow money from a family member to cover those

2   expenses.

3                    ii.       **Plaintiff Project Sentinel's Injuries**

4        70.     Defendants' conduct alleged herein has injured Plaintiff Project Sentinel.

5        71.     Defendants' conduct has impaired and frustrated Plaintiff Project Sentinel's

6   mission to promote equal housing opportunity and to eliminate unlawful housing discrimination.

7   Plaintiff Project Sentinel has been required to divert resources to identify and counteract

8   Defendants' discriminatory housing practices at the Eucalyptus Avenue apartment complex.

9        72.     Among other activities, Plaintiff Project Sentinel expended staff time and tangible

10  and financial resources to attempt to obtain reasonable accommodation of Plaintiff Castellano's

11  handicaps, to substantiate Defendants' discriminatory housing practices at the Eucalyptus

12  Avenue apartment complex and to provide education and outreach services to other housing

13  providers in Stanislaus County.

14       73.     Those education and outreach services included two in-person fair housing

15  training sessions given by Plaintiff Project Sentinel's staff at senior citizen housing complexes in

16  Stanislaus County that, among other things, addressed reasonable accommodation of handicap

17  and support animals.

18                        **IV.  CAUSES OF ACTION**

19                        **FIRST CAUSE OF ACTION**

20                    For Violation of 42 U.S.C. § 3604(f)

21                    By All Plaintiffs Against All Defendants

22       74.     Plaintiff Castellano has handicaps and had handicaps during her tenancy at the

23  Eucalyptus Avenue apartment complex and at all times relevant herein.

24

CASTELLANO, et al. v. ACCESS PREMIER REALTY, INC., et al., 1:15-CV-000407---MJS
FIRST AMENDED COMPLAINT                                              Page 14

75. Defendants knew or reasonably should have known of Plaintiff Castellano's handicaps.

76. Accommodation of Plaintiff Castellano's handicaps by allowing Plaintiff Castellano to reside in her apartment at the Eucalyptus Avenue apartment complex with her cat both was reasonable and may have been necessary to afford Plaintiff Castellano an equal opportunity to use and enjoy her apartment.

77. Plaintiffs requested that Defendants make this reasonable accommodation.

78. Defendants, acting personally or through others, refused and continued to refuse to make reasonable accommodation of Plaintiff Castellano's handicaps.

79. Defendants, acting personally or through others, engaged in and continued to engage in discriminatory housing practices.

80. Because Plaintiffs have been injured by Defendants' discriminatory housing practices, Plaintiffs are aggrieved persons.

**SECOND CAUSE OF ACTION**

For Violation of 42 U.S.C. § 3617

By All Plaintiffs Against All Defendants

81. Defendants coerced, intimidated, threatened or interfered with Plaintiff Castellano in the exercise or enjoyment of rights granted or protected by 42 U.S.C. § 3604(f) or on account of Plaintiff Castellano having exercised or enjoyed such rights.

82. Defendants, acting personally or through others, engaged in and continued to engage in discriminatory housing practices.

83. Because Plaintiffs have been injured by Defendants' discriminatory housing practices, Plaintiffs are aggrieved persons.

**V.  PRAYER**

WHEREFORE, pursuant to 42 U.S.C. § 3613, Plaintiffs pray for judgment against Defendants as follows, to the extent that Plaintiffs are entitled to obtain the relief specified herein:

a. For a judicial declaration or determination that Defendants have violated 42 U.S.C. §§ 3604(f) and 3617;

b. For an order permanently enjoining Defendants from engaging in discriminatory housing practices based on handicap, either directly or through others;

c. For an order directing Defendants and those operating or managing housing on Defendants' behalf to arrange for and attend, at Defendants' expense, training regarding the fair housing and reasonable accommodation obligations of housing providers under the Fair Housing Act;

d. For an order referring Defendants APM and Akulow to the California Bureau of Real Estate for discipline based on the discriminatory housing practices alleged herein;

e. For actual damages according to proof;

f. For punitive damages according to proof;

g. For attorney fees and costs;

h. For pre-judgment and post-judgment interest as prescribed by law; and

i. For all such other and further relief as this Court deems just and proper.

**VI.  DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury on all claims so triable.

1

Respectfully submitted,

2
Date: May 22, 2015

/s/ Todd Espinosa

3
Todd Espinosa
Law Office of Todd Espinosa
2000 Broadway Street, Suite 333

4
Redwood City, California 94063
tie@toddespinosalaw.com

5
650-241-3873 telephone
650-409-2550 facsimile

6
*Attorney for Plaintiffs LaVonna Castellano and
Project Sentinel, Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**EXHIBIT A**

**Access Property Management**
1165 Scenic Drive, Ste. C-3
Modesto, CA 95350
209-579-2373

Date: **01/29/2013**
Property: **1405 #23 Eucalyptus Ave**
**Newman, CA 95360**

**Lovanna Castellano**
**1405 #23 Eucalyptus Ave**
**Newman, CA 95360**

# 1405 Eucalyptus Apartment Pet Policy

Dear Lovanna Castellano

It is our intent as property manager for 1405 Eucalyptus, Newman to provide a quality living environment at 1405 Eucalyptus, Newman for all tenants!

It has come to our attention that pets have over time been brought into the apartment units. Although pets may provide companionship to an individual, they are nevertheless not permitted at 1405 Eucalyptus, Newman. Additionally, pets of any type are not a protected class under California law.

If you have a pet at our Eucalyptus apartment, please make arrangements to immediately remove your pet from the apartment. Failure to do so will cause you to be in breach of your rental agreement and subject to termination of your tenancy.

Additionally, we are aware of numerous cats throughout our Eucalyptus apartment. We will begin process of trapping cats and delivery of trapped cats to Stanislaus County Animal Control Center.

Sincerely,

*Trudy Northern*

Trudy Northern, Service Coordinator
Access Property Management

**EXHIBIT B**

To The Owner:

I am a senior citizen receiving disability with mental illness and physical handicaps. I live alone and am homebound due to my physical disabilities. I truly need my cat for emotional and mental support — without him there is no happiness in my life. He is sweet tempered and causes no damage. He is neutered, vaccinated, and housebroken. I would be willing to keep him strictly indoors, and pay a pet deposit if that would help. Due to my extenuating circumstance, I appeal to you to allow me to keep my animal.

Thank you for your time and consideration.

Sincerely,

LaVonna A. Castellano

# EXHIBIT C



DEPARTMENT OF AGING & VETERANS SERVICES
*Area Agency on Aging Division*

121 Downey Avenue, Suite 102
Modesto, CA 95354
Phone:  209.558.7825   Fax: 209.558.8648

*Striving to be the Best*

February 20, 2013

To Housing Management
Re: Tennant Lavonna Castellano

I am writing on behalf of Lavonna Castellano. She is requesting that you waive the "no pets policy" as her pet cat is a companion animal, important to her overall mental health. Lavonna is a disabled senior, she receives social security disability due to a documented mental illness, and also receives federal financial assistance (HUD subsidy) that I believe qualifies her for protection under the Rehabilitation and Fair Housing  ACT for reasonable accommodation in keeping her pet cat as a companion animal.

While researching the subject I discovered that Federal statutes, including Section 504 of the Rehabilitation Act of 1973 and the Federal Fair Housing Amendments Act of 1988, require that persons with disabilities have an equal right to housing as those without disabilities. It is illegal for a landlord to deny housing to a person with a disability because that person has a mental or physical disability. Under the statutes, disabled persons are also entitled to "reasonable accommodations" so that they can equally use and enjoy the dwelling. Courts have held that a waiver of a "no pets" provision is a reasonable accommodation for a mentally disabled person who needs an emotional support animal to lessen the effects of the disability. Reportedly, if a landlord fails to allow an emotional support animal in rental housing for a person who qualifies under the statutes, the landlord violates the statutes and could owe damages to the disabled tenant.

The profound effect that animals can provide for persons with mental and emotional disabilities is well documented. For example, when provided with an emotional support animal, depressed patients show decreased depression. Ms. Castellano's pet cat provides her with emotional support that is crucial to her emotional well-being. The reported threats of eviction are causing her great stress and emotional turmoil. Therefore once again, please accept her formal request for a waiver of the "no pets policy" and cease the verbal demands that she get rid of her cat or face eviction.

Thank you for your time and consideration,

*Jill Erickson*

Jill Erickson, Manager
Aging & Veterans Services

# EXHIBIT D

## Access Property Management
1165 Scenic Drive, Ste. C-3
Modesto, CA 95350
209-579-2373

Date:     **02/25/2013**
Property: **1405 #23 Eucalyptus Ave**
          **Newman, CA 95360**

**Lovanna Castellano**
**1405 #23 Eucalyptus Ave**
**Newman, CA 95360**

Dear Lovanna Castellano

We have received the letter from Jill Erickson at the Stanislaus County Department of Aging & Veterans Services regarding your need for an emotional support animal due to your overall mental health.

If you are seeking accommodation for a emotional support animal, you must provide documentation that you have a disability and there is a disability-related need for an emotional support animal from your attending physician or psychiatrist no later than 3/1/13 to prevent lease violation eviction.

If you have any other questions or concerns, please feel free to contact us.

Sincerely,

Dan Akulow
Access Property Management
579-2373

*[Handwritten note:]* I Read this on 3-1 and called Access Prop - left message I called w/ ans. Service at 5:45pm 3-1-13.

In Ref. to this letter

**EXHIBIT E**



CALIFORNIA
ASSOCIATION
OF REALTORS®

**NOTICE TO
PERFORM COVENANT (CURE) OR QUIT**
(C.A.R. Form PCQ, Revised 11/11)

To: _Lavonna Castellano_ _____ ("Tenant")
and any other occupant(s) in possession of the premises located at: _1405 Eucalyptus_ _____
_____ (Street Address) _23_ _____ (Unit/Apartment #)
_Newman_ _____ (City) _CA_ (State) _____ _95360_ _____ (Zip Code) ("Premises").

Other notice address if different from Premises above: _____
_____

**Notice to the above-named person(s) and any other occupants of the above-referenced Premises:**
WITHIN 3 (OR ☒ _5_ (BUT NOT LESS THAN 3)) DAYS from service of this Notice you are required to either:
1. Perform the following covenant or cure the following breach of your rental agreement: _You are to remove any_
_and all cats that are inside your rental unit. You are also to Stop Feeding all cats_
_that come around the property._
_____
_____
_____

**OR 2.  Vacate the Premises and surrender possession.**
If you do not perform, cure the breach, or give up possession by the required time, a legal action will be filed
seeking not only damages and possession, but also a statutory damage penalty of up to $600.00 (California Code
of Civil Procedure § 1174). **NOTICE:** Pursuant to California Civil Code, § 1785.26, you are hereby notified that a
negative credit report reflecting on your credit record may be submitted in the future to a credit reporting agency if
you fail to fulfill the terms of your rental/credit obligations. Landlord declares a forfeiture of the lease if: **(i)** you do
not perform as specified in paragraph 1; or **(ii)** the breach of your rental agreement is not cured and you continue
to occupy the Premises.

Landlord _____ Date _March 4, 2013_ _____
(Owner or Agent) _Access Property Management_ _____
Address _1165 Scenic Dr Ste C-3_ _____ City _Modesto_ _____ State _CA_ Zip _95350_
Telephone _(209)579-2373_ Fax _(209)579-2351_ E-mail _akulow@access-realestate.com_

3. **DELIVERY OF NOTICE/PROOF OF SERVICE.**
This Notice was served by _Dolores Valenzuela_ , on _3-4-13_ _____ (date)
In the following manner: (if mailed, a copy was mailed at _____ (Location))

A. ☑ **Personal service.** A copy of the Notice was personally delivered to the above named Tenant.
B. ☐ **Substituted service.** A copy of the Notice was left with a person of suitable age and discretion at the Tenant's
residence or usual place of business and a copy was mailed to the Tenant at the Premises.
C. ☐ **Post and mail.** A copy of the Notice was affixed to a conspicuous place on the Premises and a copy was
mailed to the Tenant at the Premises.

_Dolores Valenzuela_ (_ONSITE MANAGER_) _3-4-13_
(Signature of person serving Notice)                                          (Date)
_Dolores Valenzuela_
(Print Name)                              (Keep a copy for your records.)

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means,
including facsimile or computerized formats. Copyright © 2003-2011, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR
ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE
TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark
which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

EQUAL HOUSING
OPPORTUNITY

PCQ REVISED 11/11 (PAGE 1 OF 1)

**NOTICE TO PERFORM COVENANT (CURE) OR QUIT (PCQ PAGE 1 OF 1)**

| Agent: DANIEL AKULOW | Phone: (209)577-6077 | Fax: (209)579-2351 | Prepared using zipForm® software |
| Broker: ACCESS REAL ESTATE 1165 Scenic Drive, Suite C3 Modesto, CA 95360 | | | |

**EXHIBIT F**



*(1st notice)* *Rec'd By Dolores 5/15/13* *appr. Celico*

CALIFORNIA
ASSOCIATION
OF REALTORS®

**NOTICE OF TERMINATION OF TENANCY**
(C.A.R. Form NTT, Revised 11/12)

To: _____ *LOVANNA  CASTELLANO* _____ ("Tenant")
and any other occupant(s) in possession of the premises located at: (Street Address) *1405  EUCALYPTUS  AVENUE*
_____ (Unit/Apartment #) ____*23*____
(City) _____*NEWMAN*_____ (State) _____*CA*_____ (Zip Code) ____*95360*____ ("Premises").

## CHECK THE BOX THAT APPLIES. CHECK ONE BOX ONLY.

1. ☐ The tenancy, if any, in the Premises is terminated **60 days** from service of this Notice, or on _____ (whichever is later).

OR 2. ☒ **You have, or another tenant or resident has, resided in the Premises for less than one year.** Your tenancy, if any, in the Premises is terminated **30 days** from service of this Notice, or on ___*APRIL 15, 2013*___ (whichever is later).

OR 3. ☐ **All of the following apply.** Your tenancy, if any, in the Premises is terminated **30 days** from service of this Notice, or on _____ (whichever is later).

        **A.** Landlord has entered into a contract to sell the Premises to a natural person(s);

AND   **B.** Purchaser intends to reside in the Premises for at least one year following the termination of the tenancy in the Premises;

AND   **C.** Landlord has established an escrow with an escrow company licensed by the Department of Corporations, Department of Insurance or a licensed Real Estate Broker;

AND   **D.** Escrow was opened 120 or fewer days prior to the delivery of this Notice;

AND   **E.** Title to the Premises is separately alienable from any other dwelling unit (i.e., it is a single-family unit or condominium);

AND   **F.** Tenant has not previously been given a notice of termination of tenancy.

OR 4. ☐ Tenant is a beneficiary of, and the tenancy is subject to, a government agency rental housing assistant program. The tenancy, if any, in the premises is terminated 90 days from service of this notice or on _____ (whichever is later).

If you fail to give up possession by the specified date, a legal action will be filed seeking possession and damages that could result in a judgment being awarded against you.

Buyer's Initials (_____) (_____)                                Seller's Initials (_____) (_____)

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

NTT REVISED 11/12 (PAGE 1 OF 2)

| Reviewed by | Date | |
|---|---|---|

**NOTICE OF TERMINATION OF TENANCY (NTT PAGE 1 OF 2)**

| Agent: DANIEL AKULOW | Phone: (209)577-6077 | Fax:(209)579-2351 | Prepared using zipForm® software |
|---|---|---|---|
| Broker: ACCESS REAL ESTATE 1165 Scenic Drive, Suite C3 Modesto, CA 95350 | | | |

*1405 EUCALYPTUS AVENUE*
Property Address: *NEWMAN, CA   95360* _____ Date: *March 15, 2013*

Note to Landlord: If the property is subject to rent control, local law may require a minimum notice period that exceeds the time specified above.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

Landlord (Owner or Agent) *Dolores Valenzuela* Date *03/15/2013*
                        *AGENT FOR OWNER*

Address *1165 SCENIC DRIVE, STE. C3* City *MODESTO* State *CA* Zip *95350*
Telephone *(209) 579-2373* Fax *(209) 579-2351* E-mail *dakulow@accesspmca.com*

DELIVERY OF NOTICE/PROOF OF SERVICE:
   This Notice was served by *Dolores Valenzuela*, on *3-15-13* (date)
   In the following manner: (if mailed, a copy was mailed at _____ (Location))

A. ☑ **Personal service.** A copy of the Notice was personally delivered to the above named Tenant.

B. ☐ **Substituted service.** A copy of the Notice was left with a person of suitable age and discretion at the Tenant's residence or usual place of business and a copy was mailed to the Tenant at the Premises.

C. ☐ **Post and mail.** A copy of the Notice was affixed to a conspicuous place on the Premises and a copy was mailed to the Tenant at the Premises.

D. ☐ **Certified/Registered mail.** A copy of the Notice was mailed to the Tenant at the Premises by Certified or Registered mail.

_____     *3-15-13*
(Signature of person serving Notice)                    (Date)

*Dolores Valenzuela*
(Print Name)

(Keep a copy for your records.)

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 2006-2012, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

NTT REVISED 11/12 (PAGE 2 OF 2)

Reviewed by _____ Date _____

**NOTICE OF TERMINATION OF TENANCY (NTT PAGE 2 OF 2)**

castellano

*2nd notice*

**CALIFORNIA ASSOCIATION OF REALTORS®**

**NOTICE OF TERMINATION OF TENANCY**
(C.A.R. Form NTT, Revised 11/12)

*Delivered In Person, at 7:15 PM on 3/15/13*

To: _____ LOVANNA CASTELLANO _____ ("Tenant")
and any other occupant(s) in possession of the premises located at: (Street Address) 1405 EUCALYPTUS AVENUE _____ (Unit/Apartment #) 23 _____
(City) _____ NEWMAN _____ (State) _____ CA _____ (Zip Code) _____ 95360 _____ ("Premises").

**CHECK THE BOX THAT APPLIES. CHECK ONE BOX ONLY.**

1. ☐   The tenancy, if any, in the Premises is terminated **60 days** from service of this Notice, or on _____ (whichever is later).

OR 2. ☒   **You have, or another tenant or resident has, resided in the Premises for less than one year.** Your tenancy, if any, in the Premises is terminated **30 days** from service of this Notice, or on _____ APRIL 15, 2013 _____ (whichever is later).

OR 3. ☐   **All of the following apply.** Your tenancy, if any, in the Premises is terminated **30 days** from service of this Notice, or on _____ (whichever is later).

        **A.** Landlord has entered into a contract to sell the Premises to a natural person(s);

AND   **B.** Purchaser intends to reside in the Premises for at least one year following the termination of the tenancy in the Premises;

AND   **C.** Landlord has established an escrow with an escrow company licensed by the Department of Corporations, Department of Insurance or a licensed Real Estate Broker;

AND   **D.** Escrow was opened 120 or fewer days prior to the delivery of this Notice;

AND   **E.** Title to the Premises is separately alienable from any other dwelling unit (i.e., it is a single-family unit or condominium);

AND   **F.** Tenant has not previously been given a notice of termination of tenancy.

OR 4. ☐   Tenant is a beneficiary of, and the tenancy is subject to, a government agency rental housing assistant program. The tenancy, if any, in the premises is terminated 90 days from service of this notice or on _____ (whichever is later).

If you fail to give up possession by the specified date, a legal action will be filed seeking possession and damages that could result in a judgment being awarded against you.

*CAUSE FOR ACTION IS BREACH OF TENET LEASE AGREEMENT REGARDING FAILURE TO ADHERE TO PROPERTY PET POLICE.*

Buyer's Initials (_____) (_____)                                    Seller's Initials (_____) (_____)

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

NTT REVISED 11/12 (PAGE 1 OF 2)

Reviewed by _____ Date _____

**NOTICE OF TERMINATION OF TENANCY (NTT PAGE 1 OF 2)**

Agent: DANIEL AKULOW          Phone: (209)577-6077          Fax: (209)579-2351          Prepared using zipForm® software
Broker: ACCESS REAL ESTATE 1165 Scenic Drive, Suite C3 Modesto, CA 95350

*NTH Alanis Vanda*                                    *Over*

1405 EUCALYPTUS AVENUE
Property Address: NEWMAN, CA 95360 _____ Date: March 15, 2013

Note to Landlord: If the property is subject to rent control, local law may require a minimum notice period that exceeds the time specified above.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

Landlord (Owner or Agent) _Dolores Valenzuela_ Date 03/15/2013
                          AGENT FOR OWNER
Address _1165 SCENIC DRIVE, STE. C3_   City _MODESTO_   State _CA_ Zip _95350_
Telephone _(209)579-2373_   Fax _(209)579-2351_   E-mail _dakulow@accesspmca.com_

DELIVERY OF NOTICE/PROOF OF SERVICE:
  This Notice was served by _Dolores Valenzuela_, on _3-15-13_ (date)
  In the following manner: (if mailed, a copy was mailed at _____ (Location))
  A. [X] **Personal service.** A copy of the Notice was personally delivered to the above named Tenant.
  B. [ ] **Substituted service.** A copy of the Notice was left with a person of suitable age and discretion at the Tenant's residence or usual place of business and a copy was mailed to the Tenant at the Premises.
  C. [ ] **Post and mail.** A copy of the Notice was affixed to a conspicuous place on the Premises and a copy was mailed to the Tenant at the Premises.
  D. [ ] **Certified/Registered mail.** A copy of the Notice was mailed to the Tenant at the Premises by Certified or Registered mail.

_Dolores Valenzuela_                           _3-15-13_
(Signature of person serving Notice)              (Date)

_Dolores Valenzuela_
(Print Name)

(Keep a copy for your records.)

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 2008-2012, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

NTT REVISED 11/12 (PAGE 2 OF 2)

**NOTICE OF TERMINATION OF TENANCY (NTT PAGE 2 OF 2)**

castellano

attn Dolores @ Voucher 2n2

**EXHIBIT G**



**Project Sentinel**
**Fair Housing Center**
1409 H St.
Modesto, CA 95354
PH: (209) 236-1577  FAX: (209)236-1578
EMAIL: Rnhorning@housing.org

March 22, 2013

Access Property Management
1165 Scenic Dr. Ste- C-3
Modesto, CA 95350
Attn: Tammy Worley

<u>Re: Lavonna Castellano 1405 Eucalyptus St. #23 Newman, CA.</u>

Dear Tammy:

Project Sentinel is a government supported non-profit agency that provides education, counseling, investigation, and when necessary, legal referrals to persons who allege housing discrimination. We are writing to you regarding Lavonna Castellano, a tenant at 1405 Eucalyptus St. #23 in Newman. Lavonna contacted our agency requesting assistance in preparing a reasonable accommodation request based on her disability. Attached please find a letter from her treating physician provided to Project Sentinel which supports her request.

Project Sentinel's purpose in sending this letter is to provide you with information about the law regarding disability discrimination, especially related to reasonable accommodation based on disability. The federal Fair Housing Amendments Act ("FHAA") contains sweeping prohibitions of discrimination on the basis of disability. The FHAA makes it unlawful to discriminate against tenants with physical and mental disabilities. Discrimination against tenants with disabilities is specifically defined to include, *"a refusal to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford such persons equal opportunity to use and enjoy a dwelling."* 42 U.S.C. § 3604(f)(3)(B). Accordingly, persons with disabilities are not simply entitled to equal treatment; rather, Congress has singled them out for additional protections in the form of reasonable accommodations. California's Unruh Civil Rights Act and Fair Employment and Housing Act mirrors federal law with regard to disability discrimination. Cal. Civ. Code §§ 51-53, 54.1-54.8; Cal. Gov't Code §§ 12955-12988.

*Page 2 of 2*
*Reasonable Accommodation Request*
*Castellano, Lavonna*

Lavonna explained to Project Sentinel that she suffers from variety of physical and mental disabilities (see attached) which has recently left her increasingly dependent on her Doctor Prescribed Emotional Support Animal (DPESA). It is the medical opinion of Dr. Phillip Kalman, MD that a DPESA would be "beneficial to patients health if she could have a companion animal in her home."

Lavonna is requesting that management provide the following: 1) Rescind notice of termination of tenancy dated 3/15/13.  2) Allow Lavonna to bring her DPESA into her dwelling permanently, and 3) Lavonna will not be charged any fees associated with his DPESA in violation of the ADA and Fair Housing Act.

If you would like to speak with me regarding this request you may contact me via phone. Otherwise, please mail written approval of the Reasonable Accommodation request to Lavonna and fax or e-mail a copy to Project Sentinel ATTN: NICK HORNING at 209-236-1578 or Rnhorning@housing.org no later than **5:00 pm Friday March 29th, 2013**.

I thank you in advance for your time and attention to this important matter.

Sincerely,

Nick Horning
Fair Housing Coordinator of Stanislaus County
209-236-1577 x2
Fax: 209-236-1578
Rnhorning@housing.org

# Newman Medical Clinic
### 1349 Main Street, Neman, Ca 95360
### Phone: (209) 862 3604, Fax (209) 862 3904

## Certificate for Work/School

**To Whom it May Concern**

**Lavonna  Castellano  is under my care. It would be beneficial to patients health if she could have a companion animal in her home due to her medical conditions.**

**Approved by Provider Philip Kalman  MD**

**Thank You,**

*Philip Kalman MD*

**Philip Kalman MD, Medical Director**

1349 Main Street, Newman, CA 95360

phone: 209.862.3904 fax: 209.862.3604

**Tejinder S. Randhawa, M.D.**
**Philip Kalman, M.D.**
**Tripjeet Birring MSN, FNP**

# Newman
## medical clinic

July 13, 2012

Lavonna Castellano DOB: ███ 1952

Patient has the following diagnosis: Chronic Obstructive Pulmonary Disease/ oxygen dependant. Anxiety Disorder. Low Back Pain. Gastroesophageal Reflux Disease. Asthma. Hypertension. Left Ventricular Hypertrophy. Shortness of Breath. Lower Extremity Weakness. Tobacco Addiction. Knee Pain. Venous Stasis/recurrent cellulitis. Psychotic Disorder. Depression. Hyperlipidemia. Hepatitis C.

Sincerely.

Gloria Bennett FNP

*JBennett FNPc*

**GLORIA BENNET, FNP**
**DEA#MB1177698**
**LIC# NFP12281**
**UPIN# P52559**
**NPI# 1780776716**

phone: 209.862-3604 fax: 209.862.3604

1349 Main Street, Newman, CA 9536

**EXHIBIT H**

04/02/2013  08:58    2095792351                ACCESS PROP MGNMT                    PAGE  01/02



                                        1165 Scenic Drive, Suite C-3  •  Modesto, CA  95350
                                            Voice: 209.579.2373    FAX: 209.579.2351


April 2, 2013


Project Sentinal
Modesto Fair Housing Office
ATTN: Nick Horning
1409 H Street
Modesto, CA  95354

                                        Delivered by FAX 3/29/13
                                        To: 209-236-1578


       RE:    Lavonna Castellano 1405 Eucalyptus Avenue, #23 Newman, CA


Dear Mr. Horning,

I am in receipt of your correspondence dated March 22, 2013 regarding a reasonable
accommodation request for tenant Lavonna Castellano of a Doctor Prescribed Emotional Support
Animal (DPESA).   Additionally, I thank you for communicating my request for extension last Friday
March 29, 2013 to tenant Castellano.

I have reviewed your correspondence regarding a DPESA reasonable accommodation request on
behalf tenant Lavonna Castellano.  Additionally, I have reviewed the submitted medical records
from Newman Medical Clinic wherein tenant Castellano 's diagnosis was stated as well as her
physician's statement (Philip Kalman, MD) that a companion animal would be beneficial to his
patient's health.  I have reviewed all the documents I have received and I have given tenant
Castellano 's request close consideration.

The Act defines a person with a disability to include person with a physical or mental impairment
that substantially limits one or more major life activities that are of central importance of daily life.
Additionally, a reasonable accommodation is a change, exception, or adjustment to a rule, policy,
practice or service that may be necessary for a person with a disability to have an equal
opportunity to use and enjoy a dwelling.

Unfortunately, tenant Castellano's request for reasonable accommodation under the Act does not
meet the Act's essential criteria for reasonable accommodation.  Her physician does not state any
substantial limitation of a major life activity that is of central importance to tenant Castellano's

daily life that precludes her of equal opportunity to use and enjoyment of her dwelling. Furthermore, he does not state how a DPESA would provide cause to meet a central importance of daily life for such equal opportunity to use and enjoyment of her dwelling.

In conclusion, tenant Castellano's request for a Doctor Prescribed Emotional Support Animal as a reasonable accommodation is denied because tenant Castellano does not show a disability related need for the accommodation as required and defined by the Act.

Please feel open to contact me should you have any questions.

Sincerely,

**Daniel Akulow, Realtor®-Broker**
Access Property Management
*DRE: 01481066*

# EXHIBIT I

# Newman Medical Clinic
## 1349 Main Street, Neman, Ca 95360
### Phone: (209) 862 3604, Fax (209) 862 3904

Date  April 08, 2013

To Whom it May Concern

Subject: Emotional Support Animal for Castellano, Lavonna

Dear Housing Authority/Landlord/Manager.

Newman Medical Clinic have been treating Castellano, Lavonna for a variety of mental and physical disabilities such as chronic obstructive pulmonary disease/oxygen depent, anxiety disorder, hypertension, cellulitis and depression. These medical conditions qualify Castellano, Lavonna as disabled under the fair housing act as her disabilities severely limit many life activities.

Due to mental illness, Lavonna has certain limitations coping with stress/anxiety. In order to help alleviate these difficulties, and to enhance her ability to live more independently and to fully use and enjoy the dwelling unit you own and/or administer, I am prescribing an emotional support animal, dog, that will assist Lavonna in coping with her disability. An emotional support animal would ease her anxiety and depression and could physically benefit her by improving her medical symptoms.

Above letter has been approved by performing provider: Gloria Bennett  NP

*Philip Kalman MD*

Philip Kalman MD, Medical Director

# EXHIBIT J

04/12/2013  12:29    2095792351          ACCESS PROP MGNMT          PAGE  01/01



1165 Scenic Drive, Suite C-3, Modesto, CA 95350
Voice: 209-579-2373    Fax: 209-579-2351

*Facsimile*

---

FROM:  DANIEL AKULOW

TO:  Nick Horning                           Fax Number:  236-1578

Date:  4/4/13                               Pages Sent:  1

Regarding:  Castellano Reasonable Accomodation

---

**Mr. Horning,**

I am in reciept of your fax dated 4/9/13. I have reviewed the letter from Newman Medical Clinic dated 4/8/13, which was provided by performing provider Gloria Bennett, NP and appears to be rubber stamped with Dr. Kaman's signature.

Be advised the Newman Medical Clinic letter is not valid as a Nurse Practitioner is not credentialed or qualified to evaluate impairment. Furthermore, nurse Bennett states Castellano has "certain limitations coping with stress/anxiety." Stress and anxiety are symptoms, they are NOT impairments.

If Castellano has a mental illness, then it must have been diagnosis by a psychologist or psychiatrist with a specific psychological diagnosis. In my fax to your office dated 4/4/13 I requested that Castellano's reasonable accommodation request be rendered by a qualified physician and one that is also qualified to address impairment.

The ACT places burden of proof onto the requestor for a reasonable accommodation. In order for Castellano's reasonable accommodation request to be granted, it must be properly addressed. I will need a verified copy of Castellano's mental health physician's, a psychologist or psychiatrist, diagnosis and from same physician specific impairment(s) and proper language assessing Castellano's substantial limitation(s), impairment(s) of major life activity that is of central importance of daily life.

Thank you for your dialogue in this matter and let me know if you have any questions.

Thank You,

**Daniel Akulow, GRI Realtor®-Broker**
**Access Property Management**
**Access Real Estate**

1

**CERTIFICATE OF SERVICE**

2

I, Todd Espinosa, hereby certify that on May 22, 2015, I caused the document(s)

3

**FIRST AMENDED COMPLAINT (including exhibits)**

4

to be served on

5

John P. Hallissy
Sacino, Bertolino & Hallissy

6

A Professional Corporation
608 University Avenue

7

Sacramento, California 95825
Telephone (916) 649-2214

8

Facsimile (916) 649-9241
jhallissy@sbhlawoffice.com

9

*Attorney for Defendants Access Premier Realty, Inc.,
Daniel Akulow, Dolores Valenzuela and Elvia Addison*

10

11

by electronic service through the Notice of Electronic Filing automatically generated at the

12

time of the filing of the foregoing document through the Court's CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

13

14

Date:   May 22, 2015                         */s/ Todd Espinosa*

15

Todd Espinosa

16

17

18

19

20

21

22

23

24

CASTELLANO, et al. v. ACCESS PREMIER REALTY, et al., NO. 1:15-cv-00407---MJS
CERTIFICATE OF SERVICE