UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVONNA CASTELLANO and PROJECT SENTINEL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ACCESS PREMIER REALTY7, INC. d/b/a Access Property Management; DANIEL AKULOW; DOLORES VALENZUELA; and ELVIA J. ADDISON, individually and as Trustee, Disclaimer Trust, Addison Revocable Trust dated June 24, 1999,<br><br>Defendants. | No. 1:15-cv-00407-MCE-MJS<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff Lavonna Castellano ("Castellano") is a former tenant of a senior citizen residential apartment complex located in Newman, California. Defendants owned and/or managed that complex during the time Castellano resided there in 2012 and 2013. Castellano, who claims to suffer from numerous disabling mental and physical impairments, alleges that Defendants refused to accommodate her need for an emotional support cat and took steps to terminate her tenancy when she did not immediately remove the cat from her apartment. Through the present lawsuit, Ms. Castellano alleges she ultimately moved out of Defendant's complex in May of 2013 under threat of eviction.

1


The second named Plaintiff, Project Sentinel, is a California non-profit corporation which assists individuals with housing problems, including housing discrimination. Project Sentinel tried to assist Castellano in obtaining a reasonable accommodation from her landlord without success.

Plaintiffs commenced the present lawsuit on March 11, 2015.  On May 25, 2015, the currently operative pleading, Plaintiffs filed a First Amended Complaint ("FAC").  ECF No. 9.  The FAC alleges two causes of action under the Fair Housing Act, 42 U.S.C. 42 U.S.C. § 3602 et seq. ("Act").  In their First Cause of Action, Plaintiffs allege that Defendants violated § 3604(f) of the Act in discriminating against Castellano by failing to make reasonable modifications to accommodate her handicaps.  Similarly, Plaintiffs' Second Cause of Action asserts, pursuant to § 3617, that Defendants also ran afoul of the Act by intimidating and threatening Castellano for exercising her right for a reasonable accommodation under §3604(f).

Defendants proceeded to file their answer to the FAC on June 12, 2015.  ECF No. 11.  That answer contains a total of eighteen affirmative defenses.  By way of the Motion to Strike now before the Court (ECF No. 14), Plaintiffs argue that all eighteen of those defenses are either factually deficient, legally defective, or both.  For the reasons set forth below, Plaintiffs' Motion is GRANTED in part and DENIED in part.

## STANDARD

An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's [ ] claim, even if all the allegations in the complaint are true."  Black's Law Dictionary (10th ed. 2014).  A court may strike a defectively pled affirmative defense under Federal Rule of Civil Procedure 12(f),[1] which authorizes the removal of "an insufficient defense."

---

[1] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

District courts in this circuit were previously split on whether the heightened pleading standard that the United States Supreme Court announced in Twombly and Iqbal[2] applied to affirmative defenses. Some courts, including this Court, concluded that affirmative defenses were subject to the heightened pleading standard. See, e.g., Wine Group LLC, v. L. and R. Wine Co., No. 2:10-cv-022040-MCE-KJN, 2011 WL 130236, at *2 (E.D. Cal. Jan. 4, 2011); Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595 (E.D. Cal. 2013). Other courts, however, declined to apply the heightened pleading standard to affirmative defenses, citing Wyshak v. City National Bank, 607 F.2d 824, 826 (9th Cir. 1979), for the proposition that the pleadings need only provide the plaintiff "fair notice" of the defense. See, e.g., Kohler v. Staples the Office Superstore, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013).

The Ninth Circuit, however, has resolved the split in the district courts. In Kohler v. Flava Enterprises, Inc., the Ninth Circuit explained that "the 'fair notice' required by the pleading standards only require[s] describing [an affirmative] defense in 'general terms.'" 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)).[3] Accordingly, this Court now applies the "fair notice" standard, and not the heightened pleading standard announced in Twombly and Iqbal, when evaluating motions to strike affirmative defenses.

In the event the Court finds any affirmative defense to be invalid or improper, it must then decide whether amendment should be permitted to rectify its shortcomings. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the

///

---

[2] See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

[3] The specific sentence that the Ninth Circuit quoted in Kohler provides: "As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." Wright & Miller, § 1274 (footnotes omitted).

allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks omitted); see also Fed. R. Civ. P. 15(a).

## ANALYSIS

Plaintiff's Motion requests that the Court strike all nineteen of the affirmative defenses that Defendants assert in their Answer. The Court will examine each affirmative defense in turn.

In the first and second affirmative defenses, Defendants assert that Plaintiffs' Complaint fails to allege facts sufficient to state a claim upon which relief can be granted, and that the allegations are not pled with sufficient particularity to constitute viable claims. These assertions, however, are not affirmative defenses. See Black's Law Dictionary, supra; see also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); Richmond v. Mission Bank, No. 1:14-cv-00184-AWI, 2014 WL 2002312 at *5 (E.D. Cal. May 15, 2014) (striking purported affirmative defense based on failure to state a claim). Accordingly, Plaintiff's Motion is GRANTED with respect to the first and second affirmative defenses, and those defenses are stricken from Defendants' Answer.

In the third affirmative defense, Defendants assert that Plaintiff's claims may be barred by the doctrines of "unclean hands, estoppel, acquiescence, and/or latches [sic]." Defs.' Answer, p. 13. Both estoppel and laches are included within the non-exhaustive list of affirmative defenses in Rule 8(c)(1), and Defendants' Answer sufficiently puts Plaintiff on fair notice of those defenses. Accordingly, Plaintiff's Motion is DENIED as to the third affirmative defense.

As a fourth affirmative defense, Defendants allege that each of Plaintiffs' claims is barred because of Plaintiffs' failure to notify Defendants of the alleged statutory violations at the time they occurred. That is a potentially viable defense and gives

plaintiffs adequate notice. Therefore, Defendants' Motion is DENIED as to the fourth affirmative defense.

Defendants' fifth through eighth affirmative defenses pertain to the propriety of alleged damages. The fifth affirmative defense alleges that Plaintiff Castellano's alleged "embarrassment and/or "humiliation" was not "severe enough to support a claim for the intentional infliction of emotional distress and/or the recovery of punitive damages." Id. at 14. Similarly, the eighth affirmative defense avers that Defendants' actions were not sufficiently "extreme" or "outrageous" to support a claim for either intentional infliction or for the recovery of punitive damages. The sixth defense alleges that the imposition of statutory minimum damages would violate Defendants' Eighth Amendment protection against excessive fines, in violation of both the California Constitution and the United States Constitution. Additionally, with respect to punitive damages in particular, the seventh affirmative defense alleges that the imposition of such damages would violate Defendants' due process rights under both the California Constitution and the United States Constitution. Finally, the eighth affirmative defense avers that the imposition of any statutory minimum damages would violate Defendants' Eighth Amendment protections against excessive fines, also in violation of both the state and federal constitutions. These challenges to damages do not constitute proper affirmative defenses, as they will not defeat either of Plaintiff's claims for housing discrimination. See Black's Law Dictionary, supra.[4] Accordingly, Plaintiffs' Motion is GRANTED as to the fifth through eighth affirmative defenses, and those defenses are stricken.

Defendants' ninth affirmative defense takes particular aim at Plaintiff Project Sentinel by alleging it lacks standing to participate in the lawsuit. A party's standing, however, does not constitute a viable affirmative defense. Dairy Employees Union Local

---

[4] Additionally, to the extent the fifth and eighth defenses assert that Plaintiffs cannot meet their burden of proof in establishing entitlement to emotional distress, those affirmative defenses are not viable either. See Zivkovic, 302 F.3d at 1088. In addition, the Court notes that intentional infliction of emotional distress is not alleged in any event by Plaintiff's FAC, which presents only Fair Housing Act claims. Moreover, with regard to the sixth affirmative defense, it also appears inapplicable on its face. Plaintiffs' FAC does not seek statutory minimum damages, and the Fair Housing Act under which Plaintiffs' claims are asserted provides only for actual and punitive damages under 42 U.S.C. § 3613(c)(1).

No. 17 v. Ferreira Dairy, No. 5:14-cv-01295-RSWLM, 2015 WL 505934 at *4 (C.D. Cal. Feb. 6, 2015); Dodson v. CSK Auto, Inc., No. 2:13-cv-00346-GEB-AC, 2013 WL 3942002 at *4 (E.D. Cal. July 30, 2013).  Plaintiffs' Motion is therefore GRANTED as to the ninth affirmative defense.

      The tenth and eleventh affirmative defenses maintain that Plaintiffs' claims are barred by both Plaintiffs' failure to mitigate damages and by the claim that Plaintiffs' injuries cannot have been proximately caused by any action or inaction attributable to Defendants in any event.  "[T]he duty to mitigate damages is an affirmative defense . . . ."  Wehrs v. Wells, 688 F.3d 886, 893 (7th Cir. 2012).  Plaintiffs' challenge to the tenth affirmative defense consequently fails.  The eleventh affirmative defense, however, is inapplicable to a discrimination claim, since negligence and associated concepts of proximate causation do not apply to discrimination claims.  See Johnson v. Golden Empire Transit Dist., No. 1:14-cv-001841-LJO, 2015 WL 1541285 at *3 (E.D. Cal. Apr. 7, 2015); J & J Sports Prods. Inc. v. Ramirez Bernal, No. 1:12-cv-01512-AWI, 2014 WL 2042120 at *6 (E.D. Cal. May 16, 2014).  The Court therefore DENIES the Motion to Strike as to the tenth affirmative defense but GRANTS it as to the eleventh affirmative defense.

      Turning to the propriety of Plaintiffs' demand for injunctive relief, the twelfth and thirteenth affirmative defenses take aim at that relief by claiming that Plaintiffs have not described in sufficient detail the act or acts to be restrained, and that the demand for injunctive relief is inappropriate in any event because "media related and other recent actions" by Plaintiffs and their counsel will make it difficult, if not impossible, for Defendants to maintain confidentiality if required to do so.  Id. at 15   Because both of these defenses attack only the propriety of a single form of damages rather than the viability of either of Plaintiff's claims themselves, they do not constitute proper affirmative defenses and Plaintiffs' Motion to Strike those affirmative defenses is GRANTED.

      The fourteenth affirmative defense also attacks the viability of Plaintiffs' claims by arguing they are de minimis, either in whole or in part, as set forth in the FAC.  The

sixteenth affirmative defense also takes aim at recoverable damages by arguing that the FAC fails to state a claim against Defendants upon which attorneys' fees and costs can be awarded. Again, these affirmative defenses address only the propriety of certain damages, or the extent of Plaintiffs' harm rather than overall viability of Plaintiffs' claims themselves.   See, e.g., J & J Sports Prods., Inc. v. Delgado, No. 1:12-cv-001945-LJO, 2013 WL 3288564 at *8 (E.D. Cal. June 28, 2013) (striking defenses based on de minimis claims and failure to state claims for attorney's fees).  Accordingly, the fourteenth and sixteenth affirmative defenses fail and are STRICKEN.

      Defendant's fifteenth affirmative defense attacks the evidentiary viability of Plaintiffs' claims by arguing that they may be barred or limited, either in whole or in part, by the "Doctrine of After Acquired Evidence." Id. at 15.   Without more, this defense is barred since it fails to provide fair notice as to how this purported doctrine applies under the circumstances of the present matter.  Bare and conclusory legal assertions do not suffice in affording the requisite fair notice.  See, e.g., McCune v. Munirs Co., No. 2:12-cv-02733-GEB, 2013 WL 5467212 at *1 (E.D. Cal. Sept. 30, 2013 ("An affirmative defense which simply states a legal conclusion or theory . . . is insufficient to provide fair notice.").  The fifteenth defense is therefore STRICKEN.

      Finally, Defendants' last two affirmative defenses are jurisdictional in nature in asserting that subject matter jurisdiction is lacking (seventeenth defense) and alternatively that personal jurisdiction is also absent (eighteenth defense).  Claims based on lack of jurisdiction, however, do not constitute affirmative defenses. Joe Hand Promotions, Inc. v. Nguyen, No. 11-cv-04745-RMW, 2012 WL 1183738 at *2 (N.D. Cal. Apr. 6, 2012) (lack of subject matter jurisdiction). Accordingly, Plaintiffs' Motion is GRANTED as to the seventeenth and eighteenth affirmative defenses.

///
///
///
///

**CONCLUSION**

Plaintiffs' Motion to Strike Defendants' Affirmative Defenses (ECF No. 14) is GRANTED in part and DENIED in part. Plaintiff's Motion is GRANTED as to the first, second, fifth through eighth, ninth, and eleventh through eighteenth affirmative defenses. Accordingly, those affirmative defenses are STRICKEN from Defendants' Answer without prejudice. Plaintiffs' Motion is DENIED as to the third, fourth and tenth affirmative defense contained within Defendants' Answer. Defendants have twenty (20) days following the date this Memorandum and Order is electronically filed to amend their Answer should they choose to do so.

IT IS SO ORDERED.

Dated: November 20, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT