Todd Espinosa (SBN 209591)
Law Office of Todd Espinosa
2000 Broadway Street
Redwood City, California 94063
650-241-3873 telephone
650-409-2550 facsimile
tie@toddespinosalaw.com
*Attorney for Plaintiffs LaVonna Castellano and Project Sentinel, Inc.*

John P. Hallissy (SBN 155120)
Sacino, Bertolino & Hallissy
A Professional Corporation
608 University Avenue
Sacramento, California 95825
Telephone (916) 649-2214
Facsimile (916) 649-9241
jhallissy@sbhlawoffice.com
*Attorney for Defendants Access Premier Realty, Inc., Daniel Akulow, Dolores Valenzuela and Elvia J. Addison*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVONNA CASTELLANO; and PROJECT SENTINEL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACCESS PREMIER REALTY, INC. d/b/a Access Property Management; DANIEL AKULOW; DOLORES VALENZUELA; and ELVIA J. ADDISON, Individually and as Trustee, Disclaimer Trust, Addison Revocable Trust dated June 24, 1999, <br><br> Defendants. | Case No. 1:15-cv-00407-MCE-MJS <br><br> **CONSENT JUDGMENT AND STIPULATION OF THE PARTIES THERETO** |

**RECITALS AND STIPULATION**

1. WHEREAS, Plaintiff LaVonna Castellano is a former tenant in a residential apartment complex located on Eucalyptus Avenue in Newman, California (referred to herein as the "Eucalyptus Avenue apartment complex");

2. WHEREAS, Plaintiff Project Sentinel, Inc. is a fair housing and housing counseling organization;

3. WHEREAS, Defendants Access Premier Realty, Inc., Daniel Akulow, Dolores Valenzuela and Elvia J. Addison (collectively referred to herein as "Defendants") were the owner and managers of the Eucalyptus Avenue apartment complex during the time that Plaintiff LaVonna Castellano resided there;

4. WHEREAS, in their First Amended Complaint (ECF No. 9), Plaintiffs LaVonna Castellano and Project Sentinel, Inc. (referred to collectively herein as "Plaintiffs") allege that Plaintiff LaVonna Castellano is over sixty years-old and suffers from multiple disabling mental and physical impairments — including chronic obstructive pulmonary disease, asthma, anxiety disorder and depression;

5. WHEREAS, Plaintiffs further allege that, in early 2013, Defendants refused to allow Plaintiff LaVonna Castellano to keep her emotional support animal, a tabby cat named "Mr. Munchkin," in her apartment at the Eucalyptus Avenue apartment complex as a reasonable accommodation of her disabilities;

6. WHEREAS, Plaintiffs further allege that Defendants took steps to terminate Plaintiff LaVonna Castellano's tenancy and required her vacate her apartment when she did not remove her emotional support animal, despite requests by Plaintiffs for reasonable accommodation of Plaintiff LaVonna Castellano's disabilities;

7.      WHEREAS, Plaintiffs further allege that Defendants' conduct caused Plaintiffs harm including emotional distress, bodily injury, diversion of organizational resources and frustration of fair housing organizational mission;

8.      WHEREAS, Plaintiffs have asserted claims under the Fair Housing Act, 42 U.S.C. §§ 3604(f) and 3617, based on Defendants' alleged refusal to provide reasonable accommodation of Plaintiff LaVonna Castellano's disabilities and Defendants' alleged interference with Plaintiff LaVonna Castellano's right to obtain reasonable accommodation under the Fair Housing Act;

9.      WHEREAS, Plaintiffs seek actual and punitive damages, declaratory and injunctive relief and attorney fees and costs pursuant to 42 U.S.C. § 3613(c).

10.     WHEREAS, Defendants have denied Plaintiffs' allegations in their Answer to the First Amended Complaint (ECF No. 11);

11.     WHEREAS, in its April 15, 2016 order, the Court granted Plaintiffs' motion for partial summary judgment on Defendants' liability on both of Plaintiffs' claims under the Fair Housing Act, 42 U.S.C. §§ 3604(f) and 3617, and Defendant Elvia J. Addison's vicarious liability (ECF No. 38);

12.     WHEREAS, after engaging in good faith negotiations with the assistance of counsel and a private mediator, Plaintiffs and Defendants (referred to collectively herein as the "Parties") wish to resolve their dispute without further litigation and the additional expenditure of time and resources that would be required on the part of the Parties, their counsel and the Court;

13.     WHEREAS, as of August 8, 2016, Plaintiffs' counsel, Todd Espinosa, has expended 233.9 billable attorney hours in litigating this action at a billing rate of $480.00 per

1  hour, which does not include an additional 57.8 hours of non-billable administrative time, and

2  has also incurred and advanced $5157.89 in costs and other expenses in litigating this action;

3      14.    Based on the foregoing recitals, and good cause having been shown, by and

4  through the execution of this document by their counsel, the Parties STIPULATE and AGREE

5  that the following Consent Judgment in favor of Plaintiffs LaVonna Castellano and Project

6  Sentinel, Inc. and against Defendants Access Premier Realty, Inc., Daniel Akulow, Dolores

7  Valenzuela and Elvia J. Addison be entered forthwith as the final judgment in the above-

8  captioned action, which shall be binding and enforceable if entered by the Court.

9      15.    The Parties further STIPULATE and AGREE that all pending dates in the above-

10  captioned action are hereby taken off calendar pending the Court's entry of the Consent

11  Judgment as stipulated or a decision by the Court not to enter the Consent Judgment as

12  stipulated.

13      16.    The Parties further STIPULATE and AGREE that in the event that the Court does

14  not enter the Consent Judgment as stipulated, the Parties may continue fully to litigate the above-

15  captioned action notwithstanding any provision of this document.

16      17.    The Parties further STIPULATE and AGREE that, because this document was

17  prepared with the participation of all Parties and their counsel, the presumption that ambiguities

18  be construed against the drafter shall not apply.

19  **CONSENT JUDGMENT**

20      18.    The Court has jurisdiction over the subject matter of this action pursuant to 28

21  U.S.C. § 1331.

22      19.    By the consent and stipulation of the Parties and with good cause appearing, the

23  Court has personal jurisdiction over Defendants, venue is proper in the Eastern District of

24

California and the Court has and retains continuing jurisdiction to enforce the provisions of this Consent Judgment.

20. Defendants shall pay Plaintiff LaVonna Castellano $110,000.00 in monetary compensation. Payment shall be made by a check payable to LaVonna Castellano and shall be delivered to Plaintiffs' counsel within 14 calendar days after the date of the entry of this Consent Judgment.

21. Defendants shall pay Plaintiff Project Sentinel, Inc. $50,000.00 in monetary compensation. Payment shall be made by a check payable to Project Sentinel, Inc. and shall be delivered to Plaintiffs' counsel within 14 calendar days after the date of the entry of this Consent Judgment.

22. In response to any inquiry or request, Defendants shall provide a neutral tenant reference for Plaintiff LaVonna Castellano stating that Plaintiff LaVonna Castellano rented an apartment at the Eucalyptus Avenue apartment complex and paid her rent on time.

23. Defendants Access Premier Realty, Inc. and Daniel Akulow, and any persons managing or operating residential rental property on behalf of Defendants Access Premier Realty, Inc. or Daniel Akulow, shall arrange for and attend, at Defendants Access Premier Realty, Inc.'s and Daniel Akulow's expense, three annual trainings on the fair housing and civil rights obligations of housing providers under federal and California law pertaining to disability discrimination and reasonable accommodation of disability. Defendants Access Premier Realty, Inc. and Daniel Akulow may select the training provider. The first annual training shall be completed within 90 calendar days after the date of the entry of this Consent Judgment. The second and third annual trainings shall be held in June, July or August 2017 and June, July or August 2018, respectively. All training sessions shall be attended in person and shall each be of at least two hours in duration. Defendants Access Premier Realty, Inc. and Daniel Akulow shall

1  file written proof of training attendance and completion with the Court no later than 14 calendar
2  days after the completion of each annual training.

3      24.    Upon the entry of this Consent Judgment, Defendants Access Premier Realty, Inc.
4  and Daniel Akulow shall withdraw and rescind the policy entitled "Reasonable Accommodations
5  Under the Fair Housing Act" that Defendant Daniel Akulow provided to the California
6  Department of Fair Employment and Housing (referred to herein as the "Medical Specialist
7  Documentation Policy").  Defendants Access Premier Realty, Inc. and Daniel Akulow shall not
8  enforce and shall not allow any person acting on their behalf to enforce the Medical Specialist
9  Documentation Policy or any other policy that would allow requests for reasonable
10 accommodation of disability to be denied, refused or disregarded in circumstances where the Fair
11 Housing Act, 42 U.S.C. § 3604(f), requires that reasonable accommodation of disability be
12 provided.

13     25.    Except as provided for herein, the Parties mutually waive and release each other
14 and their counsel from all manner of actions, lawsuits, causes of actions, claims, money owed or
15 indebtedness of any kind whatsoever that have accrued as of the date of the filing of the Parties'
16 Stipulation to this Consent Judgment (referred to herein as the "Released Claims").

17     26.    Upon the entry of this Consent Judgment, Defendants and any person acting on
18 Defendants' behalf shall cease all collections activity related to the Released Claims, including
19 collections activity related to Plaintiff LaVonna Castellano's tenancy or apartment at the
20 Eucalyptus Avenue apartment complex.  Defendants shall not transfer, sell or assign any
21 Released Claim.  In the event that Defendants have transferred, sold or assigned any Released
22 Claim, including any claim or indebtedness related to Plaintiff LaVonna Castellano's tenancy or
23 apartment at the Eucalyptus Avenue apartment complex, Defendants shall fully pay and satisfy
24 such Released Claim within 30 calendar days after the date of the entry of this Consent

1  Judgment.  In the event that Defendants or any person acting on Defendants' behalf have

2  reported any Released Claim to a credit reporting agency, Defendants shall, within 30 calendar

3  days after the date of the entry of this Consent Judgment, request each such credit reporting

4  agency to delete and withdraw any report related to such Released Claim.

5        27.     Plaintiffs are prevailing parties within the meaning of 42 U.S.C. § 3613 and are

6  entitled to an award of reasonable attorney fees and costs from Defendants.  Accordingly,

7  Defendants shall pay Plaintiffs' counsel $115,000.00 in attorney fees and costs, which is a

8  reasonable amount.  Payment shall be made by a check payable to Todd Espinosa and shall be

9  delivered to Plaintiffs' counsel within 14 calendar days after the date of the entry of this Consent

10  Judgment.

11        28.     In the event of a successful motion to enforce the provisions of this Consent

12  Judgment, the successful movant shall be entitled to an award of reasonable attorney fees and

13  costs on the motion.

14            Respectfully submitted, stipulated and agreed,

15  Date:  August 17, 2016      /s/ Todd Espinosa

16            Todd Espinosa
          Law Office of Todd Espinosa

17            2000 Broadway Street
          Redwood City, California 94063

18            tie@toddespinosalaw.com
          650-241-3873 telephone

19            650-409-2550 facsimile
          *Attorney for Plaintiffs LaVonna Castellano and*

20            *Project Sentinel, Inc.*

21  \\

22  \\

23  \\

24  \\

CASTELLANO, et al. v. ACCESS PREMIER REALTY, et al., No. 1:15-cv-00407-MCE-MJS
CONSENT JUDGMENT AND STIPULATION      Page 6

| | |
|---|---|
| Date: August 17, 2016 | /s/ John P. Hallissy |
| | (as authorized on August 17, 2016) |
| | John P. Hallissy |
| | Sacino, Bertolino & Hallissy |
| | A Professional Corporation |
| | 608 University Avenue |
| | Sacramento, California 95825 |
| | Telephone (916) 649-2214 |
| | Facsimile (916) 649-9241 |
| | jhallissy@sbhlawoffice.com |
| | *Attorney for Defendants Access Premier Realty, Inc., Daniel Akulow, Dolores Valenzuela and Elvia J. Addison* |

**ORDER**

Based on the stipulation and agreement of the Parties, the filings in this action, and good cause appearing,

The Clerk of Court is hereby ordered to enter judgment in favor of Plaintiffs LaVonna Castellano and Project Sentinel, Inc. in accordance with the foregoing Consent Judgment.

IT IS SO ORDERED.

Dated:  August 19, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE